U. S.] 309, Mr. Justice Catron says: "It is insisted for the defendant in error that the act of congress of 1800, c. 4, for. the relief of persons imprisoned for debt, is the only law by which a discharge can be had from a ca. sa., awarded by a court of the United States. We do not think so." He then refers to the provisions of that act as being inconvenient in comparison with the state laws, and proceeds: "So there are other modes of discharge prescribed by the state laws that can be executed just as conveniently and properly by the federal courts and judges, in cases where the execution issues from the latter courts. State laws of this ·description have been adopted by the acts of congress as incident to the remedy: they are cumulative, and in addition to the act of congress of 1800, both being in force. As we have adopted in effect the same construction where property was to ·be levied on, in Amis v. Smith, 16 Pet. [41 U. S.] 312,· it would be harsh to hold otherwise in restraint of personal liberty." The act of June 6, 1798, authorizing the secretary of the treasury to discharge the poor imprisoned debtors of the United States, is very analogous to the poor-debtor law of Massachusetts, and anticipates its wise and humane policy by some forty years. It is not, however, as convenient in its practical operation; and I can see no reason why it should not be considered cumulative, as well as the act of 1800, in relation to private debtors. This latter act excludes public debtors by name; but this, no doubt, was because they had already been provided for by the act of 1798. There is no such exception in the act of 1867. The act of March 2, 1831 (4 Stat. 467), and five acts passed to amend that act, and keep it alive, down to 1843, which were cited at the bar, do not relate to imprisoned debtors at all, nor to a release from imprisonment. The secretary of the treasury was already invested with power over that subject by the act of 1798. Those laws were for the discharge of the debts due the United States in certain cases when the debtors were insolvent, and resembled a bankrupt law. I have not overlooked the decision of Judge Hopkinson, cited and relied on by the government. [U. S. v. Hewes, Case No. 15,-359.] 5 No one can differ from that learned and able jurist, without great doubts of the soundness of his own opinion; but there are some considerations affecting the case, which I may state. Judge Hopkinson relies largely on U. S. v. Green [Id. 15,258], in which Judge Story decided that the United States could sue in the district court as indorsee of a note, though the original holder could not have sued in such court. Judge Hopkinson cites this case as if it had turned on the point of the United States being bound by an act in which they are not mentioned, whereas Judge Story relies but little on that

5 [From 14 Int. Rev. Rec. 205.]

point, and expressly puts his decision on the act of 1815 [3 Stat. 245], which gives the district courts jurisdiction of all suits at common law in which the United States sue, and says he should have had very great doubt but for that act. Again, several of Judge Hopkinson's objections have been carefully met and obviated by the statute of 1867; for they were objections like those found in this circuit, and went to the application of the act in the federal courts, under all circumstances. Judge Hopkinson says his opinion is opposed to one given by Judge Betts in the Southern district of New York, of which I have seen no report. And, finally, I consider that congress, by passing the act of 1867, manifest an intent to persevere in the wise and humane policy of giving to debtors arrested under federal process the advantage of the state laws, notwithstanding the objections raised against it, though, at the same time, they try to obviate those objections as far as practicable. Defendant discharged.

## Case No. 16,457.

### UNITED STATES v. TEVEN.

[Cited in U. S. v. Millinger, 7 Fed. 187. Nowhere reported; opinion not now accessible.]

UNITED STATES (THACHER v.). See Case No. 13,851.

## Case No. 16,458.

### UNITED STATES v. THARP.

[5 Cranch, C. C. 390.] 1

Circuit Court, District of Columbia. March Term, 1838.

ASSAULT WITH INTENT TO KILL.

Upon an indictment, under the penitentiary act for the District of Columbia [4 Stat. 448], for assault and battery with intent to kill, it is not necessary to show that the crime would have been murder, if death had ensued.

Indictment [against William Tharp] for assault and battery. The first count charged it to be with intent to kill one William Walker, against the form of the statute. The second count charged a common assault and battery at common law.

Mr. Coxe, for defendant, prayed the court to instruct the jury, upon the first count, that if the offence would not have been murder, in case Walker had been killed, it is not a case within the penitentiary act for the District of Columbia.

But THE COURT refused; MORSELL, Circuit Judge, saying that the point had been decided by this court in Alexandria (alluding to U. S. v. Lloyd) at October term, 1834 [Case No. 15,617].

1 [Reported by Hon. William Cranch, Chief Judge.]